Richardson, Ch. J.,
delivered the opinion of the court:
Th,e Assistant Attorney-General files a motion to dismiss cause No. 284, accompanied by an affidavit of the claimant, which are as follows:
“And now comes the Assistant Attorney-General, and moves the courtto dismiss the above-entitled cause No. 284, and transfer the papers therein to No. 5787, for the reason that there is another action pending by the same claimant for the same cause of action, Indian Depredation, No. 5787, and the claimant has elected to dismiss this case, No. 284, and to proceed with No. 5787, as will more fully appear by claimant’s affidavit attached hereto in support hereof.
“ L. W. Colby,

“Assistant Attorney-General.

“JOHN W. Bedeield, being first duly sworn, on oath deposes and says:
“ That he is a citizen of the United States, residing in Glendale, county of Douglass and State of Oregon.
“ That he is the lawful owner of a claim for losses by depredation of the Bogue Biver Indians, in 1855; which claim was duly filed with the Commissioner of Indian Affairs February 13, 1884, and was given file number 3196.
“ That he formerly employed B. F. Dowell as his attorney, but on account of dissatisfaction with services rendered revoked the said power of attorney to B. F. Dowell in the month *478 of May, 1891, and at tbe same time executed a new power of attorney to Hughes & Weller as counsel for tbe examiner bureau of claims.
“ That be duly notified tbe said B. F. Dowell of tbe revocation of bis power of attorney, but in spite of said notification tbe said B. F. Dowell still claims to represent this deponent in tbe Court of Claims.
“ That be has already paid the said B. F. Dowell for any and all services .heretofore rendered.
“That be desires and requests tbe honorable Court of Claims to dismiss case 284, brought in bis name by B. F. Dowell, and consider only case 5787, and recognize only Messrs. Hughes and Weller as bis attorneys of record in the prosecution of bis said claim.
“ In witness whereof I hereunto affix my band and seal this 29th day of February, 1892.
“ [seat.] John W. Redeield.
“ Witnessed by—
“ J. L. Denny,
“ Hardy Elliee.”
This brings directly before tbe court for judicial consideration a reprehensible practice which has arisen under tbe Indian depredation Act (1 Supp. Rev. Stat., 2d ed., p. 913) of claimants’ multiplying cases through different attorneys for tbe same cause of action, and, whether done through their own ignorance or through solicitations of attorneys, is to be discountenanced and condemned. In some instances as many as three or four separate petitions have been filed by several attorneys holding powers of attorney of different dates. The defendants are harassed with a multiplicity of suits to be defended, and the court is trifled with by having its docket encumbered with so many unnecessary petitions, and is subjected to the unpleasant duty of deciding upon unseemly controversies between attorneys.
Members of the bar, belonging to an honorable profession, are bound to conduct themselves towards each ocher with the utmost fairness, openness, and consideration. Their duties to clients, as well as to their professional brethren and to the public at large, require that course of conduct, in order to preserve the high standard of the profession, to give no cause of complaints against them, and to avoid scandals, which injure their own reputation and bring discredit upon the whole body.
*479 When a client employs an attorney who brings snit for him the court acquires jurisdiction of the cause of action, the defendants come in to have their rights settled in that suit, and the plaintiff’s attorney acquires a vested right to compensation for services performed.
The client may revoke his power of attorney upon notice duly given, but the acts of the attorney are binding until notice of revocation is received. He may discharge his attorney of record in a suit with permission of the court on such terms as the court may prescribe, but after bringing one suit he can not institute another until the first is disposed of. It is in the first suit that the issue between the parties must be tried.
A suit brought without authority may be dismissed on motion of the plaintiff in person or on motion of defendants, because a judgment recovered in such suit would not be binding on the parties. But a suit brought with authority of the prain-tiff must stand until tried on the issue raised or until dismissed in legal manner. The plaintiff himself can not dismiss his own suit until he has discharged his attorney with permission of the court, and when he has wrongfully brought several actions for the same cause he cannot elect which one he will prosecute.
Applying'these well-settled principles to the present case, it is clear what the court must do.
It appears that Mr. B. F. Dowell, an attorney of this court, brought an action March 31, 1891 (No. 284) for the claimant by authority of the following power of attorney:
“ICnow all men that I, John W. Bedfield, of the county of Douglas and State of Oregon, by these presents do nominate, constitute, and appoint B. F. Dowell, and his daughter Annie B. Dowell, of Portland, Oregon, my true and lawful attorneys irrevocably, for me, and in my name, place, and stead, to appear before the legislature of Oregon, or in any of the departments of the State of Oregon, and in the Court of Claims, before Congress, and at any of the Deimrtments of the Government of the United States, and to prosecute to recovery, and to ask for and to demand from either said governments all sums due me, or to become due me, for my claim against the United States for the depredations of the Indians, and the receipt for the draft for the same, and particularly for depredation of the Bogue Biver Indians and Crow Creek Indians in Oct., 1855. Interlined with the words “ and his daughter, Anna E. Dowell,” before signed. Commissioners No. 3190 for $3,180. To collect, file all necessary proof at my expense and charge, and in my name to receive and receipt for the same, *480 and generally to do and perform everything necessary to be done, as fnlly and effectually, to all intents and purposes, as I myself could do if personally present, hereby ratifying and confirming allmy said attorney may lawfully do in the premises, with power of substitution, and revoking all other powers of attorney granted by me. Twenty-one words stricken out before signed.
“ Witness my hand and seal this 10th day of December, 1886.
“John W. Redeield.
“Witness present:
“ D. D. Blinn.
“ W. E. Aitch.

“[Duly acknowledged before a notary public.]”

Subsequently the claimant gave another power of attorney to Messrs. Hughes & Weller, also attorneys of this court, and they filed another petition for the same cause of action November 17,1891, No. 6787. Their power of attorney is as follows:
“ Know all men by these presents, that I, John W. Redfield, of Glendale, in the county of Douglas and State of Oregon, have made, constituted, and appointed, and by these presents do make, constitute, and appoint, Hughes and Weller, general counsel for examiner bureau of claims, my true and lawful attorneys, for me and in my name, place, and stead, hereby annulling and revoking all former powers of attorney whatever in the premises, to prosecute before any Department, or any court of record, or any committee of Congress of the United States until final completion, for me, my claim under the act of Congress of March 3,1891, for losses suffered from Indian depredations, committed in the month of October, in the year 1866, and to from time to time furnish any further evidence necessary, or that may be demanded, giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, including verification of petition in U. S. Court of Claims, as fully to all intent and purposes as I might or could do if personally present at the doing thereof, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorneys or their substitute may or shall lawfully do or cause to be. done by Virtue hereof.
“ My post-office address is Glendale, Douglas County, Oregon.
“ In witness whereof I have hereunto set my hand, etc., this 16th day of May, eighteen hundred and ninety-one.
“John W. Redeield.
“[Duly acknowledged, etc., May 16, 1891. Mrs. F. M. Roberts, notary public.”]
*481 It is proper to state that Mr. Dowell denies by affidavit tbe allegations of tbe claimant that be bas been paid bis fees and that be bas done any acts to give cause for dissatisfaction, and. we bave no reason to doubt tbe truth of bis statements. He bas long been a member of tbe bar in tbe State of Oregon, and be appears to have rendered valuable and faithful services for bis client.
Tbe circumstances under which tbe claimant was induced to give a new power of attorney to other attorneys after Mr.-Dowell bad nearly completed bis work by obtaining an award by tbe Secretary of tbe Interior, and bad brought bis action thereon, are not now for tbe court to consider, as we hold tbe second power, however obtained, to be inoperative to discharge tbe first suit.
Tbe motion of the defendants to dismiss cause No. 284 is denied. Tbe subsequent suit, No. 5787, will be disposed of when tbe subject is properly presented.
As to attorney’s fees, we may say that upon entry of judgment an allowance to attorneys will be made in proportion to tbe actual services performed and their value to claimants, without reference to any previous contracts between tbe parties.
Tbe statute provided that “ tbe allowances to tbe claimant’s attorneys shall be regulated and fixed by tbe court at tbe time of rendering judgment in each case and entered of record as part of tbe findings thereof: but in no case shall tbe allowance exceed 15 per cent of tbe judgment recovered, except in case of claims of less amount than $500, or where unusual services bave been rendered qr expenses incurred by tbe claimant’s attorney, in which case not to exceed 20 per cent of such judgment shall be allowed by tbe court (1 Supp. Rev. Stat., 2d ed., p. 916.) This we regard as like tbe taxable costs in actions at common law, which tbe parties themselves can not fix by contract. (Rev. Stat., §§ 823, 824.)